UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry James Tyler, | ) C/A No.: 9:14-69-MGL-BM |
| | ) |
|                 Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Eric Hooper; Guerry Rogers; Brian Stirling; | ) |
| Willie Eagleton, | ) |
| | ) |
|                 Defendants. | ) |
| _____ | ) |

Plaintiff, Larry James Tyler, is proceeding pro se and brings this civil rights action under Title 42, United States Code, Section 1983. Plaintiff is incarcerated in the Evans Correctional Institution, a facility run by the South Carolina Department of Corrections ["SCDC"], and files this action in forma pauperis under 28 U.S.C. § 1915.

**Background**

Plaintiff alleges his architectural and mechanical drawings, eight (8) portraits and name designs, and greeting cards were confiscated from him in November 2013. He states he was subsequently charged with "tattoo pattern," [Use or Possession of Tattooing Paraphernalia]. Plaintiff claims the designs were worth, collectively, $250,000.00. He also alleges a mechanical design was patent worthy. Plaintiff believes there has been an unconstitutional deprivation of his property. He asks that the property be produced to the court to prove that it is not tattoo art. He also seeks the



return of his property, wants the SCDC to be prohibited from taking his art, and asks that he be protected from retaliation for filing this lawsuit. Plaintiff attaches several exhibits to his Complaint, one of which indicates that he was not allowed to grieve this issue. (ECF No. 1-1, p. 3).

## Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S. Ct. 1728 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S.Ct. 594 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951 (4th Cir. 1995) (*en banc*); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); and <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See <u>Hughes v. Rowe</u>, 449 U.S. 5, 101 S.Ct. 173 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319, 92 S.Ct. 1079 (1972); <u>Fine v. City of N. Y.</u>, 529 F.2d 70 (2nd Cir. 1975).

However, even when considered under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).



**Discussion**

Plaintiff's claim about the loss of his personal property is not properly before this federal Court as a constitutional claim pursuant to 42 U.S.C. § 1983.[1] Plaintiff claims that he has been deprived of his personal property by the unauthorized intentional act of a state actor; that is, that the Defendants' seized his property believing it to be prohibited "tattoo art", when in fact it is not. An intentional but unauthorized deprivation of property by a governmental employee does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Mora v. City of Gaithersburg, *MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); Bogart v. Chapell, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals); Smith v. Mueller, No. 13-1987, 2013 WL 5328443, at * 2 (D.S.C. Sept. 20, 2013); Milledge v. Greenville Co. Sheriff's Office, No. 13-2941, 2013 WL 6490223, at * 3 (D.S.C. Dec. 10, 2013); Usrey v. Deyott, No. 12-92, 2012 WL 6918127, at * 2 (D.Mont. Dec. 10, 2012).

Here, Plaintiff has an adequate state-court remedy for such personal property issues under the South Carolina Torts Claim Act against any employees responsible for the loss. See S.C. Code Ann. §§ 15-78-10 through 15-78-220. Section 15-78-30 and its subparts encompass a loss of

---

[1]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).



property proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision of the state while acting within the scope of his or her employment. Plaintiff's claims relating to personal property are cognizable under the South Carolina Tort Claims Act because SCDC is a subdivision of the State of South Carolina. Because Plaintiff can file a verified claim of his losses under S.C.Code Ann. § 15-78-80 and/or a legal action in state court pursuant to S.C. Code § § 15-78-90 and 15-78-100, the loss of the Plaintiff's personal property is not a basis for a federal civil rights action, and the United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a Plaintiff with a viable remedy for the loss of personal property — even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state.[2] Yates v. Jamison, 782 F.2d 1182, 1183-84 (4th Cir. 1986).[3]

## Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. See 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine

---

[2]Plaintiff should be aware of the various statutory requirements for the pursuit of a claim under the South Carolina Tort Claims Act. See S.C. Code Ann. § 15-78-80; see also Murphy v. Richland Memorial Hospital, 317 S.C. 560, 455 S.E.2d 688 (1995); Vines v. Self Memorial Hospital, 314 S.C. 305, 443 S.E.2d 909 (1994); Pollard v. County of Florence, 314 S.C. 397, 444 S.E.2d 534 (S.C. Ct.App. 1994).

[3]Yates has been partially superannuated for cases where Plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" Plumer v. Maryland, 915 F.2d 927, 929-32 & nn. 2-5 (4th Cir. 1990); see also Zinermon v. Burch, 494 U.S. 113 (1990). Nevertheless, the holding in Yates is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.

4



whether they are subject to any grounds for dismissal].

        Plaintiff's attention is directed to the notice page attached hereto.

                                                         Bristow Marchant
                                                         United States Magistrate Judge

March 4, 2014
Charleston, South Carolina

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

