

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| LARRY JAMES TYLER,<br>　　　　　　Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 9:14-69-MGL-BM<br>§ |
| ERIC HOOPER,<br>GUERRY ROGERS,<br>BRIAN STIRLING, and<br>WILLIE EAGLETON,<br>　　　　　　Defendants. | §<br>§<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S ACTION WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's action be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 4, 2014, and the Clerk of Court entered Plaintiff's objections on April 17, 2014.  The Court has considered the objections, but finds them to be without merit.  Therefore, it will enter judgment accordingly.

In Plaintiff' first objection, he appears to be making a denial of access to the court claim. Although this issue does not appear in the complaint or the Report, the Court will discuss it briefly here.

One who alleges a violation of a constitutional right of access to the court must demonstrate that prison officials caused him past or imminent "actual injury" by hindering his efforts to pursue a claim or defense.  *See Lewis v. Casey*, 518 U.S. 343 (1996) (holding that an access-to-courts claim requires the plaintiff to show that the defendants' conduct caused actual injury to a non-frivolous legal claim).  When setting forth such a claim, the plaintiff is unable to rely on conclusory allegations but must instead allege an actual injury or specific harm or prejudice that has resulted from the denial.  *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc).  Here, except for conclusory allegations, Plaintiff fails to allege any actual injury or specific harm or prejudice that has resulted from his purported denial of access to the court.  Thus, to the extent that Plaintiff is raising such a claim in his objections in an attempt to amend his complaint, the claim will be dismissed without prejudice.

In Plaintiff's second objection, he states that he wishes to waive his state remedies.  But, as explained in the Report: "Because Plaintiff can file a verified claim of his losses under S.C. Code Ann. § 15-78-80 and/or a legal action in state court pursuant to S.C. Code Ann. §§ 15-78-90 and 15-

78-100, the loss of . . . Plaintiff's personal property is not a basis for a federal civil rights action." Report 4. Thus, the Court will overrule this "objection."

Third, Plaintiff seems to object that he has exhausted his administrative remedies. This issue, however, was not discussed in the Report and has nothing to do with the Magistrate Judge's recommendation to dismiss the action. Therefore, the Court will also overrule this objection.

On April 17, 2014, the Clerk also entered Plaintiff's motion for appointment of counsel. There is, of course, no absolute right to the appointment of counsel in a case such as this. An inmate who is unable to afford counsel in a a § 1983 action is required to present to the Court "exceptional circumstances" before the Court will request an attorney to represent him. *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist in those cases in which "a pro se litigant has a colorable claim but lacks the capacity to present it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. U.S. Dist. Ct*., 490 U.S. 296, 298 (1989)). As such, exceptional circumstance may be present in a case in which the pro-se plaintiff's complaint "present[s] complex legal issues." *McEachin v. McGuinnis*, 357 F.3d 197, 205 (2d Cir. 2004).

Here, there is nothing in Plaintiff's submissions to the Court to suggest that he lacks the capacity to lay out his claims. Further, Plaintiff's allegations do not present any complex legal issues. Consequently, because the Court finds that Plaintiff has failed to demonstrate that exceptional circumstances exist in his action, Plaintiff's motion for appointment of counsel will be denied.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it

3

herein.   Therefore, it is the judgment of this Court that Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.  Moreover, Plaintiff's motion for appointment of counsel is **DENIED**.

**IT IS SO ORDERED**.

Signed this 27th day of August, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4